**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 10-4258**

—————

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

OSCAR HERNANDEZ,

Defendant - Appellant.

—————

**No. 10-4276**

—————

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JAIME PUENTE-VAZQUEZ,

Defendant - Appellant.

—————

Appeals from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:08-cr-00027-RLV-DCK-4; 5:08-cr-00027-RLV-DCK-7)

—————

Submitted: July 8, 2011                    Decided: July 22, 2011

—————

Before KING, DAVIS, and KEENAN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Matthew Collin Joseph, Charlotte, North Carolina; Kenneth D. Snow, COBLE & SNOW, LLP, Charlotte, North Carolina, for Appellants. Anne M. Tompkins, United States Attorney, Richard Lee Edwards, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Oscar Hernandez was convicted by a jury of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006), attempted possession with intent to distribute cocaine, 21 U.S.C. §§ 841(a)(1), 846, possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2006), and possession of a firearm by an illegal alien, in violation of 18 U.S.C. § 922(g)(5). The district court sentenced Hernandez to 228 months in prison. Jaime Puente-Vazquez was convicted by the same jury of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846, and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a). The district court sentenced Puente-Vazquez to 151 months in prison. Hernandez and Puente-Vazquez timely appeal. We affirm.

Both Hernandez and Puente-Vazquez challenge the sufficiency of the evidence on each count on which they were convicted. Additionally, Puente-Vazquez challenges his sentence, claiming that the district court improperly applied an enhancement for obstruction of justice pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 3C1.1 (2009).

This court reviews a district court's decision to deny a Fed. R. Crim. P. 29 motion for a judgment of acquittal de

3

novo. United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006). A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). The verdict of a jury must be sustained "if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by 'substantial evidence.'" Smith, 451 F.3d at 216 (citations omitted). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks and citation omitted). Furthermore, "[t]he jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented." Beidler, 110 F.3d at 1067 (internal quotation marks and citation omitted). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." Id. (internal quotation marks and citation omitted).

Because this case involved a conspiracy charge under 21 U.S.C. § 846, the Government was required to prove: (1) an agreement between two or more persons to engage in conduct that violated a federal drug law; (2) the defendant's knowledge of the conspiracy; and (3) the defendant's knowing and voluntary participation in the conspiracy. United States v. Strickland,

4

245 F.3d 368, 384-85 (4th Cir. 2001). Since a conspiracy is by its nature clandestine and covert, it is generally proved by circumstantial evidence. United States v. Burgos, 94 F.3d 849, 857 (4th Cir. 1996) (en banc). Evidence tending to prove a conspiracy may include a defendant's relationship with other members of the conspiracy; moreover, the existence of a conspiracy may be inferred from a development and collocation of circumstances. Id. at 858. "Circumstantial evidence sufficient to support a conspiracy conviction need not exclude every reasonable hypothesis of innocence, provided the summation of the evidence permits a conclusion of guilt beyond a reasonable doubt." Id. (citation omitted).

It is unnecessary that the conspiracy have a "discrete, identifiable organizational structure." United States v. Banks, 10 F.3d 1044, 1054 (4th Cir. 1993). An important consideration is "whether the actor demonstrated a substantial level of commitment to the conspiracy, for example by engaging in a consistent series of smaller transactions that furthered its ultimate object of supplying the consumer demand of the market." Id. (citation and internal quotation marks and brackets omitted). Our review of the record leads us to conclude that the district court did not err in finding there was sufficient evidence for the jury to convict both Hernandez and Puente-Vazquez on this count.

Next, Puente-Vazquez contends that there was insufficient evidence to convict him of possession with intent to distribute at least five kilograms of cocaine. To prove possession with the intent to distribute cocaine, the Government is required to prove that a defendant: (1) knowingly; (2) possessed cocaine; (3) with the intent to distribute it. United States v. Collins, 412 F.3d 515, 519 (4th Cir. 2005). Possession may be actual or constructive. United States v. Rusher, 966 F.2d 868, 878 (4th Cir. 1992). Intent to distribute may be proved by a number of factors, including the amount of cash seized, the possession of drug paraphernalia, and the seizure of a quantity of drugs too large for personal consumption. United States v. Fisher, 912 F.2d 728, 730-31 (4th Cir. 1990). After our thorough review of the record, we conclude that the district court did not err in denying Puente-Vazquez's motion for a judgment of acquittal as to the possession with intent to distribute charge.

Hernandez claims that the evidence was insufficient to sustain his conviction for attempted possession with intent to distribute cocaine. To sustain a conviction for attempted possession with intent to distribute, there must be sufficient evidence demonstrating: (1) "culpable intent;" and (2) "a substantial step toward the commission of the crime that is strongly corroborative of that intent." United States v.

6

Sutton, 961 F.2d 476, 478 (4th Cir. 1992) (internal quotation marks omitted). "[A] substantial step is more than mere preparation, yet may be less than the last act necessary before the actual commission of the substantive crime." Id. (internal quotation marks omitted). This Court has held that "[w]hether conduct represents a substantial step depends on the 'surrounding factual circumstances' and, therefore, such determinations are necessarily fact specific." United States v. Neal, 78 F.3d 901, 906 (4th Cir. 1996). Again, our review of the record leads us to conclude that the district court did not err in denying Hernandez's motion for a judgment of acquittal on this count.

Hernandez next challenges the sufficiency of the evidence on both of the firearms charges against him. To convict Hernandez of violating § 924(c), the Government was required to prove that Hernandez: (1) committed a drug trafficking crime; and (2) possessed a firearm in furtherance of that crime. 18 U.S.C. § 924(c)(1)(A) (2006). Because we find that the evidence was sufficient to convict Hernandez of conspiracy to possess with intent to distribute cocaine and attempted possession with intent to distribute cocaine, the first element is satisfied. Moreover, our review of the record reveals that the district court was correct in concluding there was sufficient evidence to satisfy the second element.

It is unlawful for any person who is an illegal alien to "possess in or affecting commerce, any firearm or ammunition." 18 U.S.C. § 922(g)(5). Because Hernandez stipulated that he was an illegal alien and that the pistol found under the mattress at his house had travelled in interstate commerce, the only contested issue is whether Hernandez possessed the firearm. The Government was not required to show that Hernandez physically possessed the weapons. See United States v. Blue, 957 F.2d 106, 107 (4th Cir. 1992) (noting that, in a § 922(g) conviction, the government need not produce evidence of actual possession, as it may proceed on a constructive possession theory demonstrating that the defendant showed ownership, dominion, or control over the firearm itself). After reviewing the record, we conclude that the evidence was sufficient to establish that Hernandez possessed the firearm. Accordingly, we conclude that the district court did not err in denying Hernandez's motion for a judgment of acquittal on either of the firearms counts.

Lastly, Puente-Vazquez challenges the district court's application of the obstruction of justice enhancement pursuant to USSG § 3C1.1. A defendant's base offense level is to be increased two levels for obstruction of justice if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect

8

to the investigation, prosecution, or sentencing of the instant offense of conviction, and . . . the obstructive conduct related to (i) the defendant's offense of conviction." USSG § 3C1.1. The commission of perjury by a defendant supports the enhancement. USSG § 3C1.1 cmt. n.4(b). The Supreme Court has defined perjury for purposes of § 3C1.1 in the following manner: "[a] witness testifying under oath or affirmation" and giving "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." United States v. Dunnigan, 507 U.S. 87, 94 (1993). We conclude that the district court did not err in applying this enhancement.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED